# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| DYLAN PARKER | CIVIL ACTION NO. 5:15-cv-2478 |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| BIENVILLE PARISH, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Dylan Parker, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 2, 2015. He is incarcerated at the Jackson Parish Corrections Center (JPCC); however, he complains that he was sexually assaulted by a fellow inmate while he was incarcerated at the Bienville Parish Corrections Center (BPCC) on July 25, 2015. He sued Bienville Parish, the BPCC, Warden Danny Driskill, and the Bienville Parish Sheriff's Office and prayed for money damages and an order directing the defendants to "reinforce new security measures so this never happens again." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On July 25, 2015, plaintiff was an inmate at the BPCC. (It's unclear whether he was a detainee awaiting trial, or whether he was serving time following a conviction; it does not appear that he was a convict in the custody of the Department of Corrections.) At any rate, on that date,

at approximately 2-3 a.m., another inmate followed plaintiff to the bathroom and sexually assaulted him. Plaintiff screamed for help but to no avail. When he reported the matter he was transferred to his present place of confinement. On August 4, 2015, plaintiff advised the JPCC staff about the incident but was told that there was nothing they could do. However, after several other reports, the Bienville Parish Sheriff's Office commenced an investigation. It is unclear whether the investigation is on-going. As noted, plaintiff filed the instant complaint on October 2, 2015.

### Law and Analysis

#### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Failure to Protect

It appears that plaintiff was a pre-trial detainee when the complained about assault occurred. When a pre-trial detainee, such as the plaintiff herein, alleges a failure to protect claim, it arises  under the Fourteenth Amendment's due process clause and the standard for judicial review of such episodic claims is "deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir.1996) (*en banc*).   In other words, plaintiff's right to protection from inmate violence is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Under that standard, a prison official is not liable for failing to protect either an inmate or a detainee unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).  In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton:  "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights;

3

it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the defendants, or anyone else, were guilty of deliberate indifference with regard to the unanticipated assault. Nothing suggests that anyone was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; nothing suggests that anyone actually drew such an inference. Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident as is the case here. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot).  Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable; indeed, he himself implies that the assault was unforeseeable. Prisoners are unlikely to recover under Section 1983  for injuries sustained in an isolated assaults unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the  attack.  The facts alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an event such as the one complained of. Finally, as noted above, it does not appear that the attack was a foreseeable consequence of any violations of prison policy.

Therefore, plaintiff's failure to protect claim fails to state a claim for which relief may be granted.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, December 14, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

5